1
2
3
4

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| BARBARA R. SPERL, individually and on behalf of the Estate of Phillip A. Sperl<br><br>Plaintiff,<br><br>v.<br><br>**CURTISS-WRIGHT CORPORATION**;<br>**EATON AEROQUIP LLC**, individually and as successor to Aeroquip Corp.;<br>**GENERAL ELECTRIC COMPANY**;<br>**THE GOODYEAR TIRE & RUBBER COMPANY**, individually and as successor to Goodyear Aerospace Corp.;<br>**HONEYWELL INTERNATIONAL INC.**, successor-in-interest to ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORPORATION;<br>**LOCKHEED MARTIN CORPORATION**;<br>**METROPOLITAN LIFE INSURANCE COMPANY**;<br>**NORTHROP GRUMMAN CORPORATION**;<br>**PARKER-HANNIFIN CORPORATION**;<br>**PNEUMO ABEX, LLC**;<br>**RAYTHEON TECHNOLOGIES CORPORATION**;<br>**SIKORSKY AIRCRAFT CORPORATION**;<br>**THE BOEING COMPANY**; and<br>**VIACOMCBS, INC.**,<br><br>Defendants. | NO.<br><br>COMPLAINT<br><br>Personal Injury and Wrongful Death Action (28 U.S.C. § 1332)<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR PERSONAL INJURIES - 1

BERGMAN DRAPER OSLUND UDO
821 2ND AVENUE, SUITE 2100
SEATTLE, WA 98104
TELEPHONE: 206.957.9510

Plaintiff, Barbara R. Sperl, wife and personal representative for the Estate of Phillip A. Sperl, by and through their counsel of record, hereby state and allege as follows:

1. This complaint asserts personal injury and wrongful death claims against Defendants based on their manufacture, design, sale, and distribution of asbestos-containing products and equipment that contained and/or required asbestos-containing materials in order to function properly.

## I.   PARTIES

2. Plaintiff Barbara R. Sperl, resides in Salem, Oregon and is the surviving spouse of Phillip A. Sperl.

3. Phillip A. Sperl passed away on June 18, 2020 due to mesothelioma, a rare cancer caused by exposure to asbestos.

4. Barbara R. Sperl was appointed the personal representative of the Estate of Phillip A. Sperl on August 13, 2020.

5. Defendant CBS Corporation is a Delaware corporation with its principal place of business in New York. CBS Corp. is the successor to the Westinghouse Electric Corporation, a manufacturer of jet engines in the 1950s and '60s.

6. Defendant Curtiss-Wright Corporation is a Delaware corporation with its principal place of business in North Carolina.

7. Defendant Eaton Aeroquip LLC is an Ohio company with its principal place of business in Ohio. Eaton Corporation is the successor to, and current seller of, Aeroquip Corp. aircraft hoses and fittings.

8. Defendant General Electric is a New York corporation with its principal place of business in Massachusetts.

9. Defendant The Goodyear Tire & Rubber Company is an Ohio corporation with its principal place of business in Ohio.

10. Defendant Honeywell International, Inc. is a Delaware corporation with its principal place of business in North Carolina. Honeywell International, Inc. is the successor to Bendix Corp. and AlliedSignal Corp.

11. Defendant Lockheed Martin Corp. is a Maryland corporation with its principal place of business in Maryland.

12. Defendant Metropolitan Life Insurance Corporation is Delaware corporation with its principal place of business in New York.

13. Defendant Northrop Grumman Corporation is a Delaware corporation with its principal place of business in Virginia.

14. Defendant Parker-Hannifin Corporation is an Ohio corporation with its principal place of business in Ohio.

15. Defendant Pneumo Abex LLC is a Delaware corporation with its principal place of business in New York corporation.

16. Defendant Raytheon Technologies Corp., doing business as Pratt & Whitney, is a Delaware Corporation with its principal place of business in Massachusetts.

17. Defendant Sikorsky Aircraft Corp. is a Delaware corporation with its principal place of business in Connecticut.

18. Defendant The Boeing Company is an Illinois corporation with its principal place of business in Illinois.

## II. JURISDICTION AND VENUE

19. This Court has original diversity jurisdiction under 28 U.S.C. § 1332, because the dispute is between residents of different states. Additionally, the in controversy, exclusive of interest and costs, exceeds $75,000.00.

20. This Court has specific jurisdiction over the above defendants because defendants purposefully performed acts or consummated transactions in Oregon; Plaintiff's cause of action arises out of or relates to the defendant's activities or transactions in Oregon; and assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

21. Venue in this District is proper under *28 U.S.C. § 1391(b)(2)*, because a substantial part of the acts, events, or omissions giving rise to the claims alleged herein occurred in Oregon.

## III. GENERAL ALLEGATIONS

**A.    Defendant CBS Corporation**

22. Defendant CBS Corp., through its predecessor Westinghouse Electric Corp., designed, manufactured, marketed, and sold jet engines that were equipped with asbestos-containing parts and products, including but not limited to the J34 jet engine.

23. Phillip Sperl served in active duty in the Navy from 1957-60 and served in the Naval Reserves from 1960-1963 out of Whidbey Island Naval Air Station in Washington state ("NAS Whidbey").

24. As an aircraft mechanic at NAS Whidbey, Phillip Sperl was exposed to asbestos from J34 jet engines while performing maintenance and repair work on aircraft, including Lockheed P-2 Neptune airplanes.

**B.     Defendant Curtiss-Wright Corp.**

25.    Defendant Curtiss-Wright Corp designed, manufactured, marketed, and sold aircraft and jet engines that were equipped with asbestos-containing parts and utilized asbestos products, including but not limited to R-3350 and R-1820-76A Cyclone 9 engines.

26.    As an aircraft mechanic at NAS Whidbey, Phillip Sperl was exposed to asbestos while performing maintenance and repair work on aircraft that utilized Curtiss-Wright R-3350 engines, including Lockheed P-2 Neptune aircraft.

27.    From May 1965 through December 1966, while working the US Civil Service, Department of Defense out of the Portland International Airport in Oregon, Phillip Sperl performed maintenance and repair work on HU-16 Albatross aircraft, exposing him to asbestos from Curtiss-Wright R-1820-76A Cyclone 9 engines.

28.    Phillip Sperl was further exposed to asbestos while he performed maintenance on C-119 aircraft powered by Curtiss-Wright R-3350 engines.

**C.     Defendant Eaton Aeroquip LLC**

29.    Defendant Eaton Aeroquip LLC, as successor to Aeroquip Corporation, designed, manufactured, marketed, and sold Aeroquip brand hydraulic hose and hose sleeves that incorporated and/or were designed to utilize asbestos sleeves in order to function properly.

30.    Phillip Sperl was exposed to asbestos while performing maintenance and repair work on Aeroquip brand hoses that utilized asbestos insulating sleeves throughout his career as an aircraft mechanic from 1957 through 1971.

**D.     Defendant General Electric**

31.    Defendant General Electric designed, manufactured, marketed, and sold aircraft engines that were equipped with asbestos-containing parts and utilized asbestos products, including but not limited to General Electric CT58-100 turboshaft engines.

32. In or around 1969, Phillip Sperl was exposed to asbestos while performing maintenance and repair work on General Electric CT58-100 turboshaft engines present on Sikorsky S-61 helicopters.

E. **Defendant Goodyear Tire and Rubber Co.**

33. Defendant Goodyear Tire and Rubber Co., doing business as Goodyear Aerospace, designed, manufactured, marketed, and sold asbestos-containing braking components used on the aircraft on which Phillip Sperl regularly performed repair and maintenance work.

34. Phillip Sperl was exposed to asbestos while performing maintenance and repair work on aircraft brake components that utilized asbestos containing Goodyear Aerospace brand brakes and friction materials throughout his career as an aircraft mechanic from 1957 through 1971.

F. **Defendant Honeywell International, Inc.**

35. Defendant Honeywell International, Inc., as successor to Bendix Corp., designed, manufactured, marketed, and sold asbestos-containing braking components used on the aircraft on which Phillip Sperl regularly performed repair and maintenance work.

36. Phillip Sperl was exposed to asbestos while performing maintenance and repair work on aircraft brake components that utilized asbestos containing Bendix brand brakes and friction materials throughout his career as an aircraft mechanic from 1957 through 1971.

G. **Defendant Lockheed Martin Corp.**

37. Defendant Lockheed Martin Corp. designed, manufactured, marketed, and sold aircraft that were equipped with asbestos-containing parts and utilized asbestos products, including but not limited to Lockheed P-2 Neptune airplanes.

38. As an aircraft mechanic at NAS Whidbey, Phillip Sperl was exposed to asbestos while performing maintenance and repair work on Lockheed aircraft, including Lockheed P-2 Neptune airplanes.

**H.     Defendant Northrop Grumman**

39. Defendant Northrop Grumman designed, manufactured, marketed, and sold aircraft that were equipped with asbestos-containing parts and utilized asbestos products, including but not limited to Grumman F9F-8, 8T Cougar, and HU-16 airplanes.

40. As an aircraft mechanic at NAS Whidbey, Phillip Sperl was exposed to asbestos while performing maintenance and repair work on Lockheed aircraft, including Grumman F9F-8 and 8T Cougar airplanes.

41. Phillip Sperl was also exposed to asbestos from asbestos-containing parts and materials while performing maintenance and repair work on Grumman HU-16 airplanes in 1965 and 1966 while working in the U.S. Civil Service in Portland, Oregon.

**I.     Defendant Parker Hannifin Corporation**

42. Defendant Parker Hannifin Corporation designed, manufactured, marketed, and sold asbestos-containing brakes and braking components used on the aircraft on which Phillip Sperl regularly performed repair and maintenance work.

43. Phillip Sperl was exposed to asbestos while performing maintenance and repair work on Parker Hannifin braking assemblies that contained, and were designed to utilize, asbestos-containing parts and friction materials throughout his career as an aircraft mechanic from 1957 through 1971.

**J.      Defendant Pneumo Abex LLC**

44.     Defendant Pneumo Abex LLC, as successor to Abex Corporation, designed, manufactured, marketed, and sold asbestos-containing braking components used on the aircraft on which Phillip Sperl regularly performed repair and maintenance work.

45.     Phillip Sperl was exposed to asbestos while performing maintenance and repair work on aircraft brake components that utilized asbestos containing Abex brand brakes and friction materials throughout his career as an aircraft mechanic from 1957 through 1971.

**K.      Defendant Raytheon Technologies Corp. d/b/a Pratt & Whitney**

46.     Defendant Raytheon Technologies, doing business as Pratt & Whitney, designed, manufactured, marketed, and sold aircraft engines that were equipped with asbestos-containing parts and utilized asbestos materials, including but not limited to Pratt & Whitney J48-P-8 turbojet engines, JT8D turbofan engines, JT3D turbofan engines, JT3C-6 turbojet engines, and R-4360-30 engines.

47.     While performing aircraft maintenance and repair work at NAS Whidbey, Phillip Sperl was exposed to asbestos from Pratt and Whitney J48-P-8 engines on Northrup Grumman F9F-8 and 8T Cougar aircraft.

48.     From approximately 1963 through 1965, Phillip Sperl was exposed to asbestos while performing aircraft maintenance and repair work as a mechanic for United Airlines out of the San Francisco International Airport on Pratt & Whitney turbofan engines used on Boeing airplanes, including 707s, 720s, and 727s.

49.     As a mechanic for United Airlines, Phillip Sperl was further exposed to asbestos while performing aircraft maintenance and repair work as a mechanic for United Airlines out of the San Francisco International Airport on Pratt & Whitney JT3C-6 turbojet engines used on Douglas DC-8 and DC-8-10 airplanes.

50.  While working for the U.S. Civil Service from May 1965 until December 1966, Phillip Sperl was exposed to asbestos through maintenance and repair work he performed on Pratt & Whitney R-4360-30 engines on Grumman C-119 airplanes.

51.  In 1969, Phillip Sperl was exposed to asbestos through maintenance and repair work he performed on Pratt & Whitney engines on Douglas DC-8 airplanes as a mechanic for SFO Helicopter, Inc.

**L.   Defendant Sikorsky Aircraft Corp.**

52.  Defendant Sikorsky Aircraft Corp. designed, manufactured, marketed, and sold aircraft that were equipped with asbestos-containing parts and utilized asbestos products, including but not limited to Sikorsky S-61 helicopters.

53.  In or around 1969, Phillip Sperl worked for the Columbia Construction Helicopter Inc. located in Portland, Oregon.

54.  As a mechanic at Columbia Construction Helicopter Inc., Phillip Sperl was exposed to asbestos while performing maintenance and repair work on Sikorsky S-61 Helicopters that contained asbestos components and materials.

**M.   Defendant The Boeing Company**

55.  Defendant The Boeing Company, individually and as successor to Douglas Aircraft Corp., designed, manufactured, marketed, and sold aircraft that were equipped with asbestos-containing parts and utilized asbestos products, including but not limited to Boeing 720s, 727s, and 707s, as well as Douglas DC-8 and DC-8-10 airplanes.

56.  As an aircraft mechanic at United Airlines, Phillip Sperl was exposed to asbestos while performing maintenance and repair work on Boeing 720, 727, and 707 aircraft.

57.  As an aircraft mechanic at SFO Helicopter Inc., Phillip Sperl was exposed to asbestos while performing maintenance and repair work on Douglas DC-8 aircraft.

58.     From 1969 through 1971, Phillip Sperl was a mechanic at Wein Consolidated Airlines Aviation and was exposed to asbestos while performing maintenance and repair work on Boeing 737 aircraft.

### IV.     PLAINTIFFS' CLAIMS

### COUNT I - STRICT PRODUCT LIABILITY

59.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 58 as if fully stated herein.

60.     Under Restatement (Second) of Torts § 402(a) one who sells any product in a defective condition unreasonably dangerous to the user or consumer is subject to liability for physical harm thereby caused to the user if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition which it was sold.

61.     Defendants designed, manufactured, marketed, and sold products that contained, or were designed to be utilized with, asbestos-containing parts and materials that were unreasonably dangerous.

62.     Defendants' products were unreasonably dangerous because they contained asbestos, a known carcinogen, and Defendants failed to adequately warn users of the hazards of asbestos, substitute safer alternative substances, remove the asbestos, or otherwise make their products safe for users like Mr. Sperl.

63.     Plaintiff Phillip Sperl was repeatedly exposed to asbestos from Defendants' unreasonably dangerous products, thereby causing him to develop mesothelioma, a rare and fatal cancer caused by asbestos.

64.     Phillip Sperl passed away on June 18, 2020 as a result of his mesothelioma.

## COUNT II - NEGLIGENCE

65. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 64 as if fully stated herein.

66. At all relevant times, Defendants had a duty to exercise reasonable care and caution for the safety of individuals using their products, such as Phillip Sperl and others working with and around Defendants asbestos-containing materials, products, equipment, machines and technologies.

67. Defendants knew, or should have known, that the asbestos fibers contained in the materials, products, equipment, machines, technologies, used and or/ located at the above products, had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing them.

68. Defendants were negligent, grossly negligent, reckless and/or careless in that they failed to exercise ordinary care and caution for the safety of those working with and around their products, including Phillip Sperl.

69. Defendants were negligent in failing to conduct adequate testing to determine the level of airborne asbestos fibers emitted by Defendants' products that it was reasonably foreseeable that individuals such as plaintiff would be exposed to in the work environment.

70. Defendants were negligent in failing to provide adequate warnings about the dangers associated with the use of asbestos products and in failing to advise individuals about how and when to utilize proper respiratory protection.

71. Defendants were negligent in failing to test their products to ascertain whether and to what extent known ingredients were contaminated with asbestos or otherwise contained asbestos.

72. Defendants were negligent in failing to recall its products after discovering the presence of asbestos in the product and the associated risk of mesothelioma.

73. Defendants were negligent in failing to instruct consumers and end users as to adequate safe means of handling and applying the product so as to mitigate or eliminate the risk of exposure to respirable asbestos fiber.

74. Defendants were negligent in failing to comply with applicable federal or state regulations or statutes then governing the sale, use, and handling of asbestos.

75. As a result of Defendants' negligence, Phillip Sperl was repeatedly exposed to asbestos from Defendants' products, thereby causing him to develop mesothelioma, a rare and fatal cancer caused by asbestos.

**COUNT III - LOSS OF CONSORTIUM**

76. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 75 as if fully stated herein.

77. As a direct and proximate results of Defendant's acts and/or omissions as alleged herein, Plaintiff Barbara Sperl has suffered the loss of her husband's society, love, companionship, comfort, and support prior to the time of his death.

**COUNT IV- WRONGFUL DEATH**

78. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 77 as if fully stated herein.

79. Plaintiffs are entitled to recover for the Claims stated herein under Oregon Revised Statute § 30.020 because Defendants' wrongful acts and/or omissions set forth in Counts I through III caused Phillip Sperl's death.

80.     Plaintiff Barbara Sperl is the personal representative of the Estate of Phillip Sperl and, as such, has standing to bring this wrongful death action.

## PUNITIVE DAMAGES

81.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 80 as if fully stated herein.

82.     Under ORS § 31.730, ORS § 30.020(2)(e), and applicable state laws where Defendants' misconduct took place, Plaintiffs are entitled punitive damages because Defendants acted with malice and/or have shown a reckless or outrageous indifference to a highly unreasonable risk of harm and has acted with conscious indifference to the health, safety and welfare of others.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant for monetary damages for the following harm:

1. Past physical and mental pain and suffering of the decedent, Phillip Sperl, in an amount to be more readily ascertained at the time and place set for trial;
2. Loss of enjoyment of life, in an amount to be more readily ascertained at the time and place set for trial;
3. Past medical care expenses for the care and treatment of the injuries sustained by Phillip Sperl, in an amount to be more readily ascertained at the time and place set for trial.
4. Past impairment to capacity to perform everyday activities;

5. Plaintiffs' pecuniary loss and loss of Phillip Sperl's services, comfort, care, society and companionship;

6. Past loss of household services;

7. Punitive damages;

8. For the reasonable costs and attorney and expert/consultant fees incurred in prosecuting this action; and

9. For such other and further relief as this Court deems just and equitable.

DATED this 27th day of August 2020.

                BERGMAN DRAPER OSLUND UDO, PLLC

                */s/ Vanessa J. Firnhaber Oslund*
                Vanessa Firnhaber Oslund, OSBA# 170356
                Brendan E. Little (seeking admission *pro hac vice*)
                821 2nd Avenue, Suite 2100
                Seattle, WA 98104
                Phone: (206) 957-9510
                Fax: (206) 957-9549
                Email: vanessa@bergmanlegal.com
                          brendan@bergmanlegal.com
                          service@bergmanlegal.com
                Attorneys for Plaintiff