Jennifer A. Street OSB No. 052419
Email: street@gswlaworegon.com
Glascock | Street | Waxler LLP
Attorneys at Law
6915 S Macadam Ave, Ste 300
Portland, OR 97219
Telephone: (503) 501-5430
Fax: (503) 501-5626
Attorneys for Defendant Northrop
Grumman Systems Corporation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **BARBARA R. SPERL**, individually and on behalf of the Estate of Phillip A. Sperl | Case No.: 3:20-CV-01480-MO |
| Plaintiff, | **DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION** |
| vs. | |
| **CURTISS-WRIGHT CORPORATION**; **EATON AEROQUIP LLC**, individually and as successor to Aeroquip Corp.;**GENERAL ELECTRIC COMPANY**; **THE GOODYEAR TIRE & RUBBER COMPANY**, individually and as successor to Goodyear Aerospace Corp.; **HONEYWELL INTERNATIONAL INC.**, successor-in-interest to **ALLIED SIGNAL, INC.**, successor-in-interest to **BENDLX CORPORATION**; **LOCKHEED MARTIN CORPORATION**; **METROPOLITAN LIFE INSURANCE COMPANY**; **NORTHROP GRUMMAN CORPORATION**; **PARKER-HANNIFIN CORPORATION**; **PNEUMO ABEX, LLC**; **RAYTHEON TECHNOLOGIES CORPORATION**; **SIKORSKY AIRCRAFT CORPORATION**; **THE BOEING COMPANY**; and **VIACOMCBS, INC.**, | **REQUEST FOR ORAL ARGUMENT** |
| Defendants. | |

**DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION - 1**

## CERTIFICATION OF COMPLIANCE WITH LR 7-1

Counsel hereby certifies in compliance with Local Rule 7-1 that the parties made a good faith effort through telephonic conference to resolve the issues raised in this motion to dismiss for lack of personal jurisdiction and were unable to do so.

## MOTION

Defendant Northrop Grumman Systems Corporation ("NGSC"), erroneously sued herein as "Northrop Grumman Corporation," hereby moves pursuant to Fed.R.Civ.P. 12(b)(2) for an Order dismissing Plaintiff's Complaint as to NGSC for lack of personal jurisdiction. This Motion is based upon the accompanying Memorandum of Law set forth below, the pleadings and papers on file herein, and all such further evidence and argument that may be presented at the time of hearing, if any. These same arguments and supporting authorities have been advanced by defendant Lockheed Martin Corporation in support of its motion to dismiss [Document 33] filed September 24, 2020 and apply equally to NGSC.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

NGSC is a Delaware corporation with its principal place of business in Virginia.  Since its original incorporation in 1939 as Northrop Aircraft, Inc., Northrop Grumman Corporation and its wholly owned subsidiary NGSC have been in the business of building aircraft for the United States military.  The same is true for Grumman Aircraft Engineering Corporation, later Grumman Aerospace Corporation ("Grumman") which was founded in 1929 and became part of Northrop Grumman in 1994.

Plaintiff Barbara R. Sperl ("Plaintiff"), the wife and personal representative for the Estate of Phillip A. Sperl alleges that Phillip A. Sperl ("Sperl") was diagnosed with mesothelioma

**DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION - 2**

caused by exposure to asbestos during his service as an aircraft mechanic in the U.S. Navy (1957-1960) and in the Naval Reserves (1960-1963) out of Whidbey Island Naval Air Station in Washington state ("NAS Whidbey").  With respect to NGSC, Plaintiff alleges that Sperl was exposed to asbestos while performing maintenance and repair work on "Grumman F9F-8 and 8T Cougar airplanes" at NAS Whidbey.  The complaint also alleges that Sperl was exposed to asbestos from asbestos-containing parts and materials while performing maintenance and repair work on "Grumman HU-16 airplanes" in 1965 and 1966 while working in the U.S. Civil Service in Portland, Oregon.  *See* Plaintiff's Complaint [Document 1] ("Complaint") at ¶¶ 39-41.

Based on the allegations in Plaintiff's Complaint, this Court lacks personal jurisdiction over NGSC, a Delaware corporation with its principal place of business in Virginia. *Id.* at ¶ 13. Plaintiff's claims against NGSC lack any connection to the State of Oregon based on the following undisputed facts:

- Plaintiff's Complaint alleges, correctly, that NGSC is a Delaware corporation with its principal place of business in Virginia.  It is not a resident of Oregon;

- Plaintiff alleges that Sperl was exposed to asbestos through his military service at NAS Whidbey in Washington and during his work with the U.S. Civil Service in Portland, Oregon; and

- Plaintiff does not allege that any claims against NGSC stem from any Northrop or Grumman aircraft or products manufactured in Oregon.

Under the U.S. Supreme Court's decisions in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), *Walden v. Fiore*, 134 S.Ct. 1115, 1126 (2014), and the recent Ninth Circuit decisions regarding personal jurisdiction, this Court lacks both general personal jurisdiction and specific personal jurisdiction over NGSC in this case.

## II.    STATEMENT OF FACTS

This wrongful death action, filed against 14 defendants, including NGSC, a Delaware corporation with its principal place of business in Virginia, arises from Sperl's alleged exposure to asbestos. *See* Complaint. Plaintiff generally claims that Phillip Sperl "was repeatedly exposed to asbestos from Defendants' unreasonably dangerous products [aircraft, aircraft engines, and aircraft brakes and components], thereby causing him to develop mesothelioma, a rare and fatal cancer caused by asbestos." *Id*. at ¶ 63. Plaintiff's complaint alleges that Sperl was exposed to asbestos while serving in the U.S. Navy and Naval Reserves "out of Whidbey Island Naval Air Station in Washington state." *Id*. at ¶ 23.) With respect to NGSC, Plaintiff alleges that Sperl performed maintenance and repair work on the following Grumman aircraft at NAS Whidbey and in Portland, Oregon:

F9F-8 and 8T Cougar [presumably U.S. Navy F9F-8T Cougar trainers allegedly at NAS Whidbey]

HU-16 Albatross [U.S. Civil Service, Portland]

The identified military aircraft were built by Grumman for the U.S. Navy and sold to the United States government. The complaint does not allege any NGSC or Grumman conduct or activity in, or directed to Oregon. There are no allegations that NGSC manufactured asbestos-containing products in Oregon, or that Sperl was exposed to asbestos on any premises owned or controlled by NGSC in Oregon.

## III.    ARGUMENT

### A.    Plaintiff Bears The Burden Of Establishing Facts Sufficient To Assert Personal Jurisdiction Consistent With Constitutional Requirements

When a defendant challenges personal jurisdiction, the plaintiff has the burden of demonstrating the factual bases justifying the exercise of jurisdiction. *Ranza v. Nike, Inc*., 793

**DEFENDANT NORTHROP GRUMMAN SYSTEMS
CORPORATION'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR LACK OF PERSONAL JURISDICTION - 4**

F.3d 1059, 1068 (9th Cir. 2015); *CollegeSource, Inc. v. AcademyOne, Inc.* 653 F.3d 1066, 1073 (9th Cir. 2011). Plaintiff must satisfy this burden for each defendant independently and must do so with more than "bare allegations" and legal conclusions. *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). Where a defendant's motion to dismiss is based on a written record, the plaintiff need only make a *prima facie* showing of jurisdictional facts. *Ranza,* 793 F.3d at 1068 (citing *CollegeSource* and *Schwarzenegger*). The court must construe the facts presented by the plaintiff in the light most favorable to the plaintiff, and disregard any conflicting facts presented by the defendant. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,* 557 F.2d 1280, 1284 (9th Cir. 1977); *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over [defendants]." *Ranza,* 793 F.3d at p. 1068 *citing Daimler.*

**B.    Plaintiff Cannot Establish Personal Jurisdiction Over NGSC**

Oregon law authorizes personal jurisdiction over defendants to the full extent permitted by the United States Constitution. *See* Or.R.Civ.P. 4L; *Swank v. Terex Utilities, Inc*., 274 Or. App. 47, 57 (2015) ("the limit on an Oregon court's exercise of personal jurisdiction over a defendant is . . . federal due process."). *See also Helicopter Transport Services, LLC v. Sikorsky Aircraft Corporation*, 253 F.Supp.3d 1115 (D. Or. 2017). Therefore, the Court need only determine whether exercising personal jurisdiction over NGSC is consistent with federal due process requirements. *Id.* Due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash*., 66 S.Ct. 154, 158 (1945); *Wash. Shoe Co. v. A–Z Sporting Goods Inc*., 704 F.3d 668, 672 (9th Cir. 2012). A defendant's conduct and connection with the forum must be such that the defendant should

"reasonably anticipate being haled into court there." *Sher v. Johnson*, 911 F .2d 1357, 1361 (9th

Cir. 1990) (citing *World-Wide Volkswagen Corp. v. Woodson,* 100 S.Ct. 559, 567 (1980)).  The

requisite minimum contacts turn on the type of jurisdiction asserted—general or specific. *Id.* As

shown below, this Court has neither type of jurisdiction over NGSC.

1.  Plaintiff Has Not Made a *Prima Facie* Showing of General Jurisdiction Over NGSC

The standard for a court's exercise of general personal jurisdiction is stringent: the

defendant's contacts in the forum state must be of such a continuous and systematic nature that

the defendant is "essentially at home" there.  *Daimler*, 134 S.Ct. at 760-761. The Supreme Court

held in *Daimler* that the paradigm places where a corporation could be subject to general

jurisdiction are the corporation's place of incorporation and principal place of business.  *Id.* at

749.  A corporation may be subject to general jurisdiction somewhere other than its principal

place of business or place of incorporation only in an 'exceptional' case." *Id.* at 761 n.19.

As in *Daimler*, there is nothing "exceptional" about this case or NGSC—this is a product

liability case against a defendant incorporated in a state other than the forum, with its principal

place of business also in another state, and with no allegation from the Plaintiff as to the

defendant's ties to the forum. Plaintiff's only allegations regarding NGSC's ties to Oregon is the

general allegation that Sperl performed "maintenance and repair work on Grumman HU-16

airplanes in 1965 and 1966 while working in the U.S. Civil Service in Portland, Oregon."

Complaint at ¶ 41.  As the Supreme Court admonished, "[a] corporation that operates in many

places can scarcely be deemed at home in all of them."  *Daimler*, 134 S.Ct. at 762 n.20; *see also*

*Ranza*, 793 F.3d at 1070.  While NGSC operates in many places and Grumman military aircraft

may have been present at bases throughout the country, under *Daimler* and *Ranza*, its "business"

in Oregon (if any) does not make Oregon its 'home' for jurisdictional purposes.  Thus, this Court

**DEFENDANT NORTHROP GRUMMAN SYSTEMS**
**CORPORATION'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT FOR LACK OF PERSONAL JURISDICTION - 6**

lacks general jurisdiction over NGSC.

    2.  <u>Plaintiff Has Not Made a *Prima Facie* Showing of Specific Jurisdiction Over NGSC</u>

While general jurisdiction can rest on connections between a defendant and a forum, specific jurisdiction requires an additional connection—one between the affirmative actions of defendant, *the plaintiff's claims*, and the forum. That is what makes specific jurisdiction "case-linked." *Bristol-Myers Squibb Co. v. Superior Court of Cal.,* 137 S.Ct. 1773, 1785 (2017). A court may exercise specific jurisdiction over a defendant when it has sufficient minimum contacts that arise from or are related to the cause of action. *Walden v. Fiore*, 134 S.Ct. 1115, 1126 (2014) (ellipses omitted) (quoting *Int'l Shoe Co. v. Washington*, 66 S.Ct. 154, 158 (1945)). "To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.' " *Helicopter Transport Services,* 253 F.Supp.3d at 1127, *citing Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)) Stated another way, in order to assert specific jurisdiction, a court must find that "the litigation results from alleged injuries that 'arise out of or relate to'" defendant's activities in the forum; the harm to plaintiff must "arise proximately from such activities." *Burger King Corp. v. Rudzewicz*, 105 S.Ct. 2174, 2182-83 (1985) (internal citations omitted).

The Ninth Circuit employs a three-prong test for determining whether the exercise of specific jurisdiction is consistent with the principles of due process:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

**DEFENDANT NORTHROP GRUMMAN SYSTEMS**
**CORPORATION'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT FOR LACK OF PERSONAL JURISDICTION - 7**

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

The first prong—"purposeful availment"—asks whether a defendant has "purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (citing *Schwarzenegger,* 374 F.3d at 802). In line with the Supreme Court's plurality opinion in *Asahi Metal Industry Co. v. Superior Court*, the Ninth Circuit held that a defendant does not purposefully avail itself of the privilege of doing business in a forum state by merely placing products into the stream of commerce. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) (emphasis added) (citing *Asahi Metal Indus. Co. v. Superior Court,* 107 S.Ct. 1026 (1987)). This has been recently described by one court as the "stream of commerce plus" test adopted by the Ninth Circuit in *Holland. See Berven v. L.G. Chem, Ltd.*, 2019 WL 1746083, *8 (E.D. Cal. Apr.18, 2019); *see also Mojo Ideas, Inc. v. J.W. Const. Co., Inc.* 2012 WL 2308255 (D. Or. Feb. 29, 2012). In *Brady v. Southwest Airlines Co.*, 2016 WL 259692 (D. Nev. Jan. 20, 2016), this Court granted defendant B/E Aerospace's motion to dismiss for lack of jurisdiction, holding that its sale of products (aircraft seats) to a corporation that did business in Nevada (Southwest) was not sufficient contact to establish "purposeful availment."

In *Walden v. Fiore*, the Supreme Court underscored the importance of a defendant's own, direct contacts with the forum state in the specific-jurisdiction analysis. 134 S.Ct. 1115, 1126 (2014) (applying Nevada law). The Supreme Court found the requirements for specific personal jurisdiction unsatisfied even where the plaintiff alleged in its Complaint more facts—and facts

**DEFENDANT NORTHROP GRUMMAN SYSTEMS
CORPORATION'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR LACK OF PERSONAL JURISDICTION - 8**

far more detailed—than those alleged by Plaintiff here. A deputized DEA agent who searched a Nevada–bound couple at a Georgia airport, seized property, and drafted an alleged false probable cause affidavit to support the forfeiture action. *Id*. at 1119. The Court found that defendant's actions in Georgia "did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections." *Id.* at 1125. Therefore, the Court must consider that the "minimum contacts analysis cannot impermissibly [let] plaintiff's contacts with the defendant and forum . . . drive the jurisdictional analysis." *Id.* at 1125 (internal quotations omitted).

Here, as in *Walden*, there are no allegations of any actions by the *defendant* to connect it to Oregon. Plaintiff's claims against NGSC do not arise from the design, manufacture, or sale of any Northrop or Grumman military aircraft in Oregon. In addition, to the extent that Plaintiff alleges that NGSC is responsible for Northrop or Grumman aircraft built for the United States Navy, the potential that any such aircraft could be present at NAS Whidbey in Washington or in Portland, Oregon cannot support specific jurisdiction over NGSC. In fact, none of Plaintiff's substantive allegations allege any conduct by NGSC other than manufacturing aircraft.

As to the second prong of the *Schwarzenegger test*, as the Supreme Court made clear in *Daimler*, even if such actual activity in Oregon were established, Plaintiff would still have to show with reasonable particularity that the identified activity was related to Plaintiff's cause of action. *See Daimler*, 134 S.Ct. at 757 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 104 S.Ct. 1868 (1984) (finding that "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions")). Further, specific jurisdiction requires that the defendant have "suit-related" contacts with the forum state and it

must "arise out of contacts that the 'defendant himself' creates with the forum state." *Walden*, 134 S.Ct. 1122 (quoting *Burger King*, 105 S.Ct. at 2182).  The U.S. Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (of third parties) and the forum state." *Id.*; *see also Helicopteros*, 104 S.Ct. 1873 (holding that the unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").  The Supreme Court in *Walden* held that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Id.* at 1126.  A "mere injury to a forum resident is not a sufficient connection to the forum for specific jurisdiction because it is not a connection the defendant itself formed with the forum." *Id.* at 1125.

Here, there is nothing in Plaintiff's Complaint that meets this standard as to NGSC. Plaintiff does not allege any links between NGSC's actions with *both* her claims and Oregon, and therefore the jurisdiction is not "case-linked." *Bristol-Myers Squibb Co.* 137 S.Ct. at 1785. The only allegation is that a Grumman HU-16 Albatross aircraft was present in Oregon.

Finally, Plaintiff cannot satisfy the third prong of the specific jurisdiction analysis.  Even if the Court were to find that NGSC somehow had contact with Oregon that constitutes sufficient minimum contacts, Plaintiff cannot show that exercise of jurisdiction comports with fair play and substantial justice or that it is reasonable.  "The 'quality and nature' of an interstate transaction may sometimes be so 'random,' 'fortuitous,' or 'attenuated' that it cannot fairly be said that the potential defendant 'should reasonably anticipate being haled into court' in another jurisdiction." *Burger King Corp.,* 105 S.Ct. at 2189 (internal citations omitted) (citing *World-Wide Volkswagen Corp.,* 100 S.Ct. at 567).  Here, the exercise of personal jurisdiction would subject

NGSC to jurisdiction in a state where its aircraft merely ended up after being supplied to the United States government, regardless of its own actions. This would unreasonably subject a foreign manufacturer to the risk of being haled into court wherever its products are found, regardless of the actions the manufacturer itself takes.

Accordingly, Plaintiff cannot meet its burden of establishing the exercise of specific personal jurisdiction over NGSC.

## IV. CONCLUSION

For the reasons set forth above, this Court should grant NGSC's motion to dismiss for lack of personal jurisdiction.

Dated this 8th day of October, 2020.

**GLASCOCK | STREET | WAXLER LLP**

By *S/Jennifer A. Street*
_____
Jennifer A. Street, OSB No. 052419
Email: street@gswlaworegon.com
Of Attorneys for Defendant Northrop Grumman
Systems Corporation

**DEFENDANT NORTHROP GRUMMAN SYSTEMS
CORPORATION'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR LACK OF PERSONAL JURISDICTION -
11**

## CERTIFICATE OF SERVICE

I hereby certify that on the date noted below **DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION** was electronically filed with the Clerk of the Court of the United States District Court, District of Oregon using the ECF system which sent notification of such filing to all counsel of record. This document is now available for viewing and downloading from the ECF system.

DATED this 8th day of October, 2020.

**GLASCOCK | STREET | WAXLER LLP**

*S/Jennifer A. Street*

By _____
    Jennifer A. Street, OSB No. 052419
    Email: street@gswlaworegon.com
    Of Attorneys for Defendant Northrop Grumman
    Systems Corporation

**CERTIFICATE OF SERVICE - 1**